Michael J. Boyle, Jr. (SBN 258560)
BRONSTEIN GEWIRTZ &
GROSSMAN, LLC
mboyle@bgandg.com
4200 Regent Street, Suite 200
Columbus, OH 43219
T: (614) 578-5582

Attorneys for Plaintiffs

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY FESSLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D-WAVE QUANTUM INC., ALAN BARATZ, and JOHN M. MARKOVICH,<br><br>Defendants. | Case No.: 5:26-cv-11953<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rodney Fessler ("Plaintiff"), individually and on behalf of all others similarly situated, by and through Plaintiff's undersigned counsel, for Plaintiff's complaint against Defendants, alleges the following upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, among other things, the investigation conducted by and through Plaintiff's counsel, which included, *inter alia*, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases issued by and concerning D-Wave Quantum Inc. ("D-Wave" or the

"Company"), analyst reports and advisories concerning the Company, and information readily available on the Internet. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than Defendants, that purchased or otherwise acquired D-Wave securities between February 26, 2026 and August 25, 2026, inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its senior officers.

2. D-Wave is a company engaged in quantum computing.

3. Throughout the Class Period, Defendants made materially false and/or misleading statements concerning the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Defendants materially overstated D-Wave's business and financial prospects; (ii) the foregoing was reasonably likely to negatively impact the Company's business and reputation; and (iii) as a result, Defendants' public statements were materially false and misleading at all relevant times.

4. The truth started to emerge on August 6, 2026, when D-Wave announced its financial results for the second quarter of 2026. Among other things, D-Wave reported revenue of just $3.08 million, compared to $3.1 million for the same period in the prior year, falling short of analyst expectations ranging from $4.03 million to $4.08 million.

5. On this news, D-Wave's stock price declined $1.99 per share, or 9.28%, to close at $19.41 per share on August 6, 2026.

6. Then, on August 25, 2026, D-Wave issued a press release "announc[ing] that John Markovich is retiring and thus resigning from his position as Chief Financial Officer effective September 2, 2026."

7. On this news, D-Wave's stock price fell $1.84 per share, or 9.51%, closing at $17.51 per share on August 26, 2026.

8. As a result of Defendants' wrongful acts and omissions, and the sharp decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

11. Venue is proper in this District under Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b). D-Wave maintains its headquarters in this District, Defendants conduct business in this District, and a substantial portion of Defendants' conduct at issue occurred in this District.

12. In connection with the acts alleged herein, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, without limitation, the U.S. mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

13. Plaintiff Rodney Fessler, as set forth in the accompanying Certification, acquired D-Wave securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

14. Defendant D-Wave is a Delaware corporation with its principal executive offices at 2650 East Bayshore Road, Palo Alto, California. The Company's

common stock trades in an efficient market on the New York Stock Exchange ("NYSE") under the ticker symbol "QBTS."

15. Defendant Alan Baratz ("Baratz") was, at all relevant times, D-Wave's Chief Executive Officer ("CEO") and President.

16. Defendant John M. Markovich ("Markovich") was, at all relevant times, D-Wave's Chief Financial Officer ("CFO").

17. Defendants Baratz and Markovich are sometimes referred to collectively herein as the "Individual Defendants."

18. The Individual Defendants possessed the power and authority to control the contents of D-Wave's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of D-Wave's SEC filings and press releases alleged herein to be misleading before, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with D-Wave and their access to material information unavailable to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

19. D-Wave and the Individual Defendants are referred to collectively herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

20. D-Wave operates as a quantum computing company.

21. The Company generates revenue from three principal sources: quantum computing as a service ("QCaaS"), which provides cloud-based access to its quantum computing systems; professional services; and sales of its quantum computing systems.

### Materially False and Misleading Statements

22. The Class Period begins on February 26, 2026, when D-Wave issued a press release announcing its financial and operating results for the fourth quarter and full year 2025. The press release stated, in pertinent part:

"Our 2025 results mark one of the most successful and transformative years in D-Wave's history, with meaningful growth across every key business metric — revenue, Bookings, technical milestones, and scientific breakthroughs," said Dr. Alan Baratz, CEO of D-Wave. "We are entering 2026 with exceptional momentum: generating over $30 million in Bookings in January alone, expanding our market leadership through the acquisition of gate-model quantum computing company Quantum Circuits, Inc., and securing an eight-figure enterprise QCaaS agreement that underscores growing customer confidence in our technology's power to transform enterprise operations. 2026 is shaping up to be a defining year for D-Wave."

23. In the same press release, the Company also stated:

Announced the formation of a new business unit dedicated to driving the adoption of D-Wave's quantum computing products and services within the U.S. government. The unit is led by seasoned government and public sector business executive Jack Sears Jr., who brings more than 25 years of experience in developing and executing organizational growth strategies for companies serving the federal government in the defense and aerospace industries.

24. On May 12, 2026, D-Wave issued a press release reporting its financial and operating results for the first quarter ended March 31, 2026. That press release stated, in pertinent part:

"D-Wave's first quarter performance highlights what sets this company apart: strong execution, expanding commercial adoption, and differentiated technology leadership across both annealing and gate model quantum computing," said Dr. Alan Baratz, CEO of D-Wave. "As the only quantum computing company pursuing both annealing and gate-model quantum computing systems, we believe that D-Wave is uniquely positioned to participate in the full addressable quantum computing market. Our acquisition of Quantum Circuits is expected to meaningfully accelerate our delivery of a scalable, error-corrected gate model system, while our record-setting

$10 million quantum computing as a service agreement with a Fortune 100 company reinforced growing demand for our annealing systems. We believe that D-Wave's combination of commercial proof, technical breadth, and a differentiated path to gate-model error correction and scaling will be increasingly prominent as this market matures."

25. The statements referenced in ¶¶ 22-24 were materially false and misleading because Defendants made false and/or misleading statements, and failed to disclose material adverse facts, regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Defendants materially overstated D-Wave's operational and financial prospects; (ii) the foregoing was reasonably likely to negatively impact the Company's business and reputation; and (iii) as a result, Defendants' public statements were materially false and misleading at all relevant times.

**The Truth Begins to Emerge**

26. The truth started to emerge on August 6, 2026, when D-Wave announced its financial results for the second quarter of 2026. Among other things, D-Wave reported revenue of just $3.08 million, compared to $3.1 million for the same period in the prior year, falling short of analyst expectations ranging from $4.03 million to $4.08 million.

27. On this news, D-Wave's stock price declined $1.99 per share, or 9.28%, to close at $19.41 per share on August 6, 2026.

28. Then, on August 25, 2026, D-Wave issued a press release "announc[ing] that John Markovich is retiring and thus resigning from his position as Chief Financial Officer effective September 2, 2026."

29. On this news, D-Wave's stock price fell $1.84 per share, or 9.51%, closing at $17.51 per share on August 26, 2026.

30. As a result of Defendants' wrongful acts and omissions, and the sharp decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## SCIENTER ALLEGATIONS

31. During the Class Period, Defendants had both the motive and the opportunity to commit fraud. They also had actual knowledge of the misleading nature of the statements they made, or acted with reckless disregard for the true information known to them at the time. In so doing, Defendants participated in a scheme to defraud and committed acts, practices, and a course of business that operated as a fraud or deceit on purchasers of the Company's securities during the Class Period.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of all persons and entities that purchased or otherwise acquired D-Wave securities during the Class Period and were damaged upon the revelation of the alleged corrective disclosures (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

33. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, D-Wave securities were actively traded on the NYSE. Although the exact number of Class members is presently unknown to Plaintiff and can be ascertained only through appropriate discovery, Plaintiff believes that the proposed Class includes hundreds or thousands of members. Record owners and other Class members may be identified from records maintained by D-Wave or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in securities class actions.

34. Plaintiff's claims are typical of the claims of the other Class members, as all members of the Class were similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

35. Plaintiff will fairly and adequately protect the interests of the Class members and has retained counsel competent and experienced in class action and securities litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

36. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to the Class are:

- whether Defendants' acts as alleged herein violated the federal securities laws;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations, and management of D-Wave;
- whether the Individual Defendants caused D-Wave to issue false and misleading financial statements during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;
- whether the prices of D-Wave securities during the Class Period were artificially inflated because of Defendants' conduct complained of herein; and
- whether the Class members have sustained damages and, if so, the proper measure of damages.

37. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for Class members to individually redress the wrongs done to them. There will be no difficulty in managing this action as a class action.

38. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;
- D-Wave securities traded in an efficient market;
- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;
- the Company traded on the NYSE and was followed by multiple analysts;
- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
- Plaintiff and the Class members purchased, acquired and/or sold D-Wave securities between the time Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

39. Based on the foregoing, Plaintiff and the Class members are entitled to a presumption of reliance upon the integrity of the market.

40. Alternatively, Plaintiff and the Class members are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), because Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

**COUNT I**

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

41. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

42. This Count is asserted against all Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

43. During the Class Period, Defendants carried out a plan, scheme, conspiracy, and course of conduct pursuant to which they knowingly or recklessly engaged in acts, transactions, practices, and courses of business that operated as a

fraud and deceit upon Plaintiff and the other Class members; made various untrue statements of material fact and omitted to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes, and artifices to defraud in connection with the purchase and sale of securities. This scheme was intended to, and throughout the Class Period did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of D-Wave securities; and (iii) cause Plaintiff and other Class members to purchase or otherwise acquire D-Wave securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan, and course of conduct, Defendants, and each of them, took the actions set forth herein.

44. Pursuant to the above plan, scheme, conspiracy, and course of conduct, each Defendant participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases, and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for D-Wave securities. These reports, filings, releases, and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about D-Wave's finances and business prospects.

45. By virtue of their positions at D-Wave, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other Class members or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose facts that would have revealed the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. These acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

46. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As senior managers and/or directors of D-Wave, the Individual Defendants had knowledge of the details of D-Wave's internal affairs.

47. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to, and did, directly or indirectly, control the content of D-Wave's statements. As officers and/or directors of a publicly held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information regarding D-Wave's business, operations, future financial condition, and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases, and public statements, the market price of D-Wave securities was artificially inflated throughout the Class Period. Unaware of the adverse facts concerning D-Wave's business and financial condition that Defendants concealed, Plaintiff and the other Class members purchased or otherwise acquired D-Wave securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities, and/or the statements disseminated by Defendants, and were damaged thereby.

48. During the Class Period, D-Wave securities traded in an active and efficient market. Plaintiff and the other Class members, relying on the materially false and misleading statements described herein, which Defendants made, issued, or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired D-Wave securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other Class members known the truth, they would not have purchased or otherwise acquired those securities, or would not have purchased or otherwise acquired them at the inflated prices paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of D-Wave securities was substantially lower than the prices paid by Plaintiff and the other Class members. The market price of D-Wave securities declined sharply upon public disclosure of the facts alleged herein, to the injury of Plaintiff and the Class members.

49. By reason of the conduct alleged herein, Defendants, knowingly or recklessly, directly or indirectly, violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

50. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other Class members suffered damages in connection with their respective purchases, acquisitions, and sales of the Company's securities during the Class Period, upon disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

**COUNT II**

**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

51. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

52. During the Class Period, the Individual Defendants participated in the operation and management of D-Wave, and conducted and participated, directly and indirectly, in the conduct of D-Wave's business affairs. Because of their senior positions, they knew the adverse non-public information regarding D-Wave's misstatement of income and expenses and false financial statements.

53. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information regarding D-Wave's financial condition and results of operations, and to promptly correct any public statements issued by D-Wave that had become materially false or misleading.

54. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases, and public filings that D-Wave disseminated in the marketplace during the Class Period concerning D-Wave's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause D-Wave to engage in the wrongful acts complained of herein. The Individual Defendants were therefore "controlling persons" of D-Wave within the

meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged herein, which artificially inflated the market price of D-Wave securities.

55. Each of the Individual Defendants therefore acted as a controlling person of D-Wave. By reason of their senior management positions and/or directorships at D-Wave, each of the Individual Defendants had the power to direct the actions of, and exercised that power to cause, D-Wave to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of D-Wave and possessed the power to control the specific activities that comprise the primary violations about which Plaintiff and the other Class members complain.

56. By reason of the foregoing conduct, the Individual Defendants are liable under Section 20(a) of the Exchange Act for the violations committed by D-Wave.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other Class members pre-judgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees, and other costs; and

D. Awarding such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 15, 2026 BRONSTEIN GEWIRTZ & GROSSMAN, LLP

By: /s/ _*Michael J. Boyle, Jr.*___________________
Michael J. Boyle, Jr.

Michael J. Boyle, Jr (SBN 258560)
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
T: (614) 578-5582
mboyle@bgandg.com

Peretz Bronstein, Esq.*
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd St., Suite 4600
New York, NY 10165
T: (212) 697-6484
F: (212) 697-7296
peretz@bgandg.com

*Attorneys for Plaintiffs*

* Will seek *pro hac vice* admission